IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STEPHEN R. ALLEN, as Administrator
of the Estate of J.R.A., a Minor, Deceased                    PLAINTIFF

VS.                            CASE NO. 4:23-CV-661-JM

THE NATURE CONSERVANCY, *et al*                    DEFENDANTS

ORDER

On March 15, 2024 the Court entered an order ruling on several motions, including separate motions to dismiss filed by The Nature Conservancy (TNC) and Federal Insurance Company (Federal). (Doc. Nos. 50, 4 and 6). The Court granted TNC's motion to dismiss, finding that it was entitled to the immunity provided by the Arkansas Recreational Use Statute, Ark. Code Ann. § 18-11-301 *et seq*. ("ARUS"). The Court denied Federal's motion to dismiss the claim brought against it pursuant to Arkansas' direct-action statute, Ark. Code Ann. § 23-79-210.  Federal promptly filed a motion for reconsideration of the order. (Doc. No. 51). Plaintiff subsequently filed his Second Amended Complaint naming twelve additional insurance companies.[1] Many of these insurance companies have also sought dismissal for the reasons stated in Federal's motion to dismiss and motion to reconsider. (Doc. Nos. 88, 89, and 103).  For the reasons stated below, Federal's motion to reconsider is granted.

The question presented is whether an organization landowner that has "immunity from

---

[1] Chubb Custom Insurance Company, Chubb Indemnity Insurance Company, Chubb National Insurance Company, Great Northern Insurance Company, Travelers Property Casualty Company of America, Travelers Indemnity Company of Connecticut; Travelers Indemnity Company of America; Travelers Indemnity Company, Charter Oak Fire Insurance Company, Phoenix Insurance Company; Fireman's Fund Insurance Company; and Allianz Global Corporate & Specialty SE.

liability"[2] under the ARUS qualifies as one that is "not subject to suit for tort"[3] as is required to bring a direct action against the organization's insurer.

The Arkansas Supreme Court has addressed this issue in the context of the acquired-immunity doctrine.[4]  In *Smith v. Rogers Grp., Inc.*, 72 S.W.3d 450 (Ark. 2002), the plaintiffs argued that since the contractor defendant was "entitled to acquired immunity, they should be allowed to proceed directly against its insurers." *Id.* at 459. The Court disagreed. Without discussion, the court noted that it had "heretofore only applied the direct-action statute to the insurers of charitable or nonprofit organizations, governmental entities, and county-owned hospitals." *Id.* (citations omitted). It then declined to apply the direct-action statute to the contractor for two reasons.  One, it held that acquired immunity does not equate to immunity from suit, "rather, it is immunity from liability."[5] *Id.* And two, the direct-action statute is only triggered when a person suffers injury "on account of the negligence or wrongful conduct" of the organization that is "not subject to suit for tort." Having found that the contractor was not negligent, the court concluded that "its insurers may not be held responsible under the direct-

---

[2] *Roeder v. United States*, 432 S.W.3d 627, 630 (Ark. 2014) ("Generally, the ARUS provides immunity from liability to landowners who make their property available for the recreational use of others, except when (1) the landowner charges the person entering the land for recreational use, or (2) when the landowner maliciously fails to guard or warn against an ultrahazardous condition, structure, use, or activity actually known to the landowner to be dangerous.") (citing Ark. Code Ann. § 18-11-307).

[3] Ark. Code Ann. §23-79-210 (a)(1).

[4] "The doctrine of acquired immunity provides that a contractor who performs in accordance with the terms of its contract with a governmental agency and under the direct supervision of the governmental agency is not liable for damages resulting from that performance." *Smith v. Rogers Grp., Inc.*, 348 Ark. 241, 250, 72 S.W.3d 450, 455 (2002) (citations omitted).

[5] The court emphasized that "[i]t is hornbook law that the *immunity from suit* of the sovereign state does *not* extend to independent contractors doing work for the state. *Id.* (quoting *Southeast Constr. Co., Inc. v. Ellis,* 233 Ark. 72, 342 S.W.2d 485 (1961)) (emphasis in original).

action statute." *Id.* at 459-460.

The Arkansas Supreme Court has also squarely addressed this "not subject to suit for tort" language in the context of charitable immunity. In *Low v. Ins. Co. of N. Am.*, 220 S.W.3d 670, 680 (Ark. 2005), the court held that the "not subject to suit for tort" language in the direct-action statute was "synonymous with *a charitable organization's* immunity from tort liability." *Id.* at 680 (emphasis added). This holding has not been extended to allow *any* organization's immunity from tort liability as permitting a direct action against its insurer.

Turning to the present case, the ARUS states that except for situations the Court has found not present here,[6] landowners who open their land to recreational use owe "no duty of care" to keep the premises safe for others or warn of dangerous conditions. Ark. Code. Ann. §18-11-304.  In the absence of a duty, there can be no breach and therefore no negligence. As in *Smith*, absent a breach of any duty owed by TNC, Plaintiff cannot bring a direct action against Federal. For these reasons, the motion to reconsider is granted, and Federal's motion to dismiss is granted.

While the direct-action statute is remedial and is to be liberally construed "for the benefit of the injured parties" (*Henry v. Cont'l Cas. Co.*, 381 S.W.3d 802, 806 (Ark. 2011)), its application is limited. The phrase "not subject to suit in tort" has only been applied to charitable or nonprofit organizations, government entities, and county hospitals. *Smith* at 459. This limitation results in a harsh outcome for Plaintiff. However, if the land had been owned by an individual rather than TNC, the answer would have been equally harsh, if clearer to see. There is no question that the direct-action statute only applies to organizations, not individuals.

This same reasoning applies to bar direct action against the other insurance companies

---

[6] Discussed in the Court's order of March 15, 2024. (Doc. No. 50 at 9-11).

named in Plaintiff's Second Amended Complaint. The motion to dismiss filed by Chubb Custom Insurance Company, Chubb Indemnity Insurance Company, and Chubb National Insurance Company (collectively the "Chubb Entities") is granted as is the motion to dismiss filed by Great Northern Insurance Company ("Great Northern").  The motion for judgment on the pleadings filed by Travelers Property Casualty Company of America ("Travelers") is likewise granted. The Court is dismissing sua sponte the remaining insurance companies who have been served but who have not filed a motion seeking dismissal.[7] *See Smith v. Boyd*, 945 F.2d 1041, 1042–43 (8th Cir. 1991) ("[a] district court has the power to sua sponte dismiss a complaint for failure to state a claim.").

A separate judgment will be entered.

THEREFORE,

1. Federal's motion to reconsider (Doc. No. 51) is GRANTED.

2. The March 15, 2024 order of the Court (Doc. No. 50) is VACATED as to the denial of Federal's motion to dismiss, and Federal's motion to dismiss (Doc. No. 6) is hereby GRANTED.

3. The motion to dismiss filed by the Chubb Entities (Doc. No. 88) is GRANTED.

4. The motion to dismiss filed by Great Northern (Doc. No. 89) is GRANTED.

5. The motion for judgment on the pleadings filed by Travelers (Doc. No. 103) is GRANTED.

6. The remaining defendants are dismissed sua sponte.

---

[7] Those companies are Travelers Indemnity Company of Connecticut, Travelers Indemnity Company of America, Travelers Indemnity Company, Charter Oak Fire Insurance Company, Phoenix Insurance Company, Fireman's Fund Insurance Company, and Allianz Global Corporate & Specialty SE.

4

IT IS SO ORDERED this 24th day of July, 2024.

UNITED STATES DISTRICT JUDGE